UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN JOHNSON, ROBYN JOHNSON, STEPHEN JOHNSON PPA NEXT BEST FRIEND OF P.J., A MINOR CHILD, | |
| Plaintiffs, | Case No. 23-2378-DDC-RES |
| v. | |
| TEXTRON AVIATION INC., | |
| Defendant. | |

## <u>SCHEDULING ORDER</u>

On December 13, 2023, U.S. Magistrate Judge Rachel E. Schwartz conducted a scheduling conference in accordance with Fed. R. Civ. P. 16.  Plaintiffs Stephen Johnson, Robyn Johnson, Stephen Johnson PPA Next Best Friend of P.J., a minor child ("Plaintiffs"), appeared through counsel Christopher A. McElgunn and Kenneth Krayeske by phone.  Defendant Textron Aviation Inc. ("TAI") appeared through counsel Michael G. Jones and William R. Griffin by phone.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | December 21, 2023 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | December 21, 2023 |
| Exchange of documents identified in Fed. R. Civ. P 26(a)(1) initial disclosures | January 5, 2024 |
| Plaintiffs' settlement proposal | January 19, 2024 |
| Comparative fault identification | January 26, 2024 |
| Defendant's settlement counter-proposal | February 2, 2024 |
| Motions to amend | February 23, 2024 |
| Joint Status Report filed with the court | April 26, 2024 |
| Wreckage inspection | May 8, 2024 |
| Plaintiffs' damage experts disclosed | May 17, 2024 |
| Defendant's damage experts disclosed | July 19, 2024 |
| Plaintiff's liability experts disclosed | November 19, 2024 |
| Defendant's liability experts disclosed | January 24, 2025 |

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement would not be enhanced by early mediation at this stage.  Toward that end, plaintiffs must submit a good-faith settlement proposal to defendant by **January 19, 2024**.  Defendant must make a good-faith counter-proposal by **February 2, 2024**.

2.      **Discovery.**  In light of the court's Order on Plaintiffs' Motion to Stay, the parties are directed to commence fact discovery subject to the provisions below and otherwise as provided by the Federal Rules of Civil Procedure.  The court has imposed deadlines for certain expert disclosures but has not set a fact discovery deadline at this time.  On or before **April 26, 2024**, the parties are directed to file a joint status report regarding the procedural posture of the related cases, the status of discovery in this case, and proposed dates for all remaining scheduling order deadlines.  After reviewing this joint status report, the court will decide whether to schedule a status conference or to enter an order regarding the remaining scheduling order deadlines.

a.      The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance.  To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **January 5, 2024**.  Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e).

b.      By **January 26, 2024**, any party asserting comparative fault must identify all persons or entities whose fault is to be compared and specify the nature of the fault claimed.

c.      As required by Fed. R. Civ. P. 26(a)(2)(D), Plaintiffs' expert disclosures must be served by damage experts by **May 17, 2024;** liability experts by **November 19, 2024**, along with

dates available for deposition to be completed prior to Defendant's expert disclosure deadline; and, TAI's expert disclosures must be served by damage experts by **July 19, 2024;** liability experts by **January 24, 2025**, though these dates may be subject to change depending on the result of the court's Status Conference. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

      **d.**    The parties agree that a wreckage inspection is appropriate in this case. The parties must complete a wreckage inspection by **May 8, 2024**. If the parties disagree about the need for or scope of such an examination, the parties must exhaust their meet-and-confer efforts and request a discovery conference with the Magistrate Judge as required by D. Kan. Rule 37.1(a) sufficiently in advance of this deadline to allow the issues to be fully briefed and decided by the court, and the examination conducted, all before the deadline expires.

      **e.**    Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> The parties agree that all information produced by either party shall initially be produced in .pdf form, transmitted on disc, portable drive or secure link file transfer at the election of the producing party. In the event either party wishes to discover other ESI associated with a produced .pdf document, the party will notify the other party in writing and identify the specific document(s) by bates-number(s).

The party requesting such additional ESI will also identify the nature of the ESI it is seeking and the format and media in which it would like the ESI produced. The parties will then confer in good faith regarding the availability of the requested ESI and any expenses associated with the production of such information, in accordance with the standards in FRCP 26(b)(2)(B & C). If a party believes there is ESI that is relevant that has not been produced, the parties will confer in good faith regarding the existence of such information in an effort to avoid the need to bring the matter before the Court serving written discovery on this topic.

**f.**    The parties have agreed on the need for a protective order in this case.  Consistent with the Guidelines for Agreed Protective Orders for the District of Kansas, the parties' protective order shall address the disclosure of privileged materials.  Any party withholding responsive information from discovery on the basis of a privilege must timely serve a privilege log consistent with Fed. R. Civ. Pro. 26(b)(5)(A) and the case law in this District.

**g.**    To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel: Pursuant to Local Rule 37.2, the parties agree to make every reasonable effort to confer concerning the matter in dispute prior to filing any discovery dispute motion. The parties agree that every certification required by Fed. R. Civ. P. 26(c) and 37 and local rule 37.2 related to the efforts of the parties to resolve discovery or disclosure disputes will describe with particularity the steps taken by all attorneys to resolve the issues in dispute.

**h.**    Each side may serve no more than **25** interrogatories, including all discrete subparts, on any other party.  If either party determines that additional interrogatories are desired, such request must be made by motion after conferring with opposing parties.

**i.**    Each deposition must be limited to **6** hours except for the deposition(s) of experts, which must be limited to **8** hours. All depositions will be governed by the written guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**j.**     Discovery may be governed by a protective order.  If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **December 21, 2023**.  This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **December 21, 2023**.

**k.**     The parties do consent to electronic service of disclosures and discovery requests and responses.  *See* Fed. R. Civ. P. 5(b).

**l.**     The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.**     **Other Matters.**

    **a.**     Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **February 23, 2024.**

        **IT IS SO ORDERED.**

    Dated: December 14, 2023, Topeka, Kansas.

                /s/ Rachel E. Schwartz
                Rachel E. Schwartz
                United States Magistrate Judge