UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN JOHNSON, ROBYN JOHNSON, STEPHEN JOHNSON PPA NEXT BEST FRIEND OF P.J., A MINOR CHILD,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>TEXTRON AVIATION INC.,<br><br>　　　　Defendant. | Case No. 23-2378-DDC-RES |

## AMENDED SCHEDULING ORDER

　　　　The Court reconvened the scheduling conference in this case on May 8, 2024, to discuss the parties' proposed remaining scheduling-order deadlines, as set out in their Joint Status Report. ECF Nos. 32 and 34. Plaintiffs appeared through counsel Kenneth J. Krayeske, by phone. Defendant appeared through counsel Michael G. Jones and William Rick Griffin, by phone.

　　　　The Court imposes the following deadlines, as outlined in the table below:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiffs' damage experts disclosed[1] | July 12, 2024 |
| Wreckage inspection | July 19, 2024 |
| Joint status report regarding the status of discovery & related cases | July 26, 2024 |
| Physical and mental examinations | August 30, 2024 |
| Jointly filed mediation notice of confidential settlement reports submitted to the Magistrate Judge | September 20, 2024 |
| Defendant's damage experts disclosed | September 20, 2024 |
| Mediation completed | November 1, 2024 |
| Supplementation of initial disclosures | 40 days before the deadline for completion of discovery |
| Plaintiffs' liability experts disclosed | November 19, 2024 |
| Defendant's liability experts disclosed | January 24, 2025 |
| All discovery completed | March 28, 2025 |
| Proposed pretrial order due | April 4, 2025 |
| Final pretrial conference | April 16, 2025, at 10:00 a.m. |
| Dispositive motions | May 9, 2025 |
| Motions challenging the admissibility of expert testimony | 42 days before trial unless the challenge encompasses a summary-judgment issue or is otherwise case-dispositive, in which case, the motions must be filed by the dispositive motion deadline |
| Trial—ETT is 10 days | January 6, 2026, at 9:00 a.m. |

---

[1] The Court previously imposed this deadline, the deadline for the wreckage inspection, and the deadline for Defendant's damage expert disclosures. *See* ECF No. 33. The Court has included those deadlines in the Amended Scheduling Order for clarity.

2

1.      **Alternative Dispute Resolution (ADR).**

By **September 20, 2024**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_schwartz_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the court, mediation is ordered no later than **November 1, 2024**. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

2.      **Discovery.**

a.      Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can

3

decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

     **b.** All discovery must be commenced or served in time to be completed by **March 28, 2025.** Additionally, on or before **July 26, 2024,** the parties must file a joint status report updating the Court on the status of discovery in this case, including the wreckage inspection, and the procedural posture of the related Connecticut state court cases.

     **c.** As required by Fed. R. Civ. P. 26(a)(2)(D), the parties' expert disclosures are due by the deadlines set forth in the table, as is the wreckage inspection.

     **d.** The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **August 30, 2024**. If the parties disagree about the need for or scope of such an examination, the parties must exhaust their meet-and confer efforts and request a discovery conference with the Magistrate Judge as required by D. Kan. Rule 37.1(a) sufficiently in advance of this deadline to allow the issues to be fully briefed and decided by the court, and the examination conducted, all before the deadline expires.

**3.**    **Motions**

     **a.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **May 9, 2025**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

     **b.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.

Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*https://ksd.uscourts.gov/file/326*.

    c.    All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by 42 days before trial unless the challenge encompasses a summary-judgment issue or is otherwise case-dispositive, in which case, the motion(s) must be filed by the dispositive motion deadline.

**4.**    **Pretrial Conference, Trial, and Other Matters.**

    a.    Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **April 16, 2025, at 10:00 a.m.** by telephone (888-363-4749; access code 5705809). However, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **April 4, 2025**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_schwartz_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

    b.    The parties expect the jury trial of this case to take approximately 10 trial days. This case is set for trial beginning on **January 6, 2026, at 9:00 a.m.** in Kansas City, Kansas. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

**c.** All other provisions of the scheduling order and any amendments thereto remain in effect unless specifically modified in this order. This amended scheduling order will not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated: May 9, 2024, at Topeka, Kansas

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge
